ELADIO MIRANDA and FÉLIX MANZANO, Plaintiffs and Appellants, *v.* MUNICIPAL COURT OF VEGA BAJA and COSTAS & CO., Defendants and Appellees.

No. 4157. Argued May 3, 1927.—Decided May 31, 1927.

*V. N. Fernández* for the appellants. *Besosa & Besosa* for the appellees Costas & Co.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants were defendants in a suit filed in the Municipal Court of Vega Baja. Without actually deciding the question we shall for the purpose of this appeal assume that the Municipal Court of Vega Baja was entirely in error when it rendered a default judgment against appellants after striking out the answer that the said appellants had filed in that court. To remedy the supposed wrongful acts of the Municipal Court of Vega Baja the present appellants filed a petition for a writ of certiorari in the District Court of San Juan. The district court issued the writ and subsequently annulled the same because, as the court held, the then petitioners could have obtained a revision of the actions of the municipal court by a direct appeal and in effect also because the petitioners had shown no special circumstances

why a certiorari rather than an appeal should have been the mode of revision.

The appellants have an idea that a trial in the municipal court is such a vested right that a mere appeal could offer them no adequate compensation for the deprivation. Whether this is true or not, the law and the steady jurisprudence of this court hold that a certiorari will not ordinarily lie if the party aggrieved has an adequate remedy by appeal. In point of fact, the Act of March 11, 1908, regulating appeals from the municipal courts gives the district court the right to revise all orders of the municipal court and then to give the appellant a trial *de novo*. An appeal is therefore the normal way of securing the rights of parties. The district court did not hold that a certiorari would never issue when an appeal was available, but that then an extraordinary case must be presented. The court could not see that the judgment by default and a denial of the right to answer could not be remedied on appeal, and neither does this court. On appeal the district court has wide powers under section 140 of the Code of Civil Procedure and otherwise and can give a meritorious defendant every opportunity to present his answer and to be heard.

The district court, like this court, has a wide discretion in matters of certiorari and we find no abuse. That court should not be molested with a writ of certiorari unless it is clear that the wrong complained of can not be adequately remedied on appeal. The deprivation of a trial in the municipal court we hold is sufficiently compensated by a trial in a court of record.

The judgment appealed from must be affirmed.